1  Bradford K. Newman (State Bar No. 178902)
       bradford.newman@bakermckenzie.com
2  Alexander G. Davis (State Bar No. 287840)
       alexander.davis@bakermckenzie.com
3  Anne Kelts Assayag (State Bar No. 298710)
       anne.assayag@bakermckenzie.com
4  **BAKER & McKENZIE LLP**
   600 Hansen Way
5  Palo Alto, CA 94304
   Telephone: +1 650 856 2400
6  Facsimile: +1 650 856 9299

7  Teresa H. Michaud (State Bar No. 296329)
       teresa.michaud@bakermckenzie.com
8  **BAKER & McKENZIE LLP**
   10250 Constellation Blvd., Suite 1850
9  Los Angeles, CA 90067
   Telephone: +1 310 201 4728
10 Facsimile: +1 310 201 4721

11 Attorneys for Defendant
   GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN COFFEE, MEI-LING MONTANEZ, and S.M., a minor by MEI-LING MONTANEZ, S.M.'s parent and guardian, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03901-BLF<br><br>Date Action Filed: June 12, 2020<br><br>**DEFENDANT GOOGLE LLC'S OBJECTION AND MOTION TO STRIKE PLAINTIFFS' PROFFER RE: MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT [ECF NO. 77]**<br><br>**Judge:    Hon. Beth Labson Freeman**<br>**Ctrm.:    3 - 5th Floor**<br><br>**Robert F. Peckham Federal Building & United States Courthouse**<br>**280 South 1st Street**<br>**San Jose, CA 95113** |

Baker & McKenzie LLP
10250 Constellation Blvd.,
Suite 1850
Los Angeles, CA  90067
Tel: 310.201.4728

Case No. 5:20-cv-03901-BLF
DEFENDANT GOOGLE LLC'S OBJECTION AND MOTION TO STRIKE PLAINTIFFS' PROFFER RE: MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT [ECF NO. 77]

**OBJECTION AND MOTION TO STRIKE**

At the hearing on Google's Motion to Dismiss Plaintiffs' First Amended Complaint (FAC), the Court admonished Plaintiffs' counsel that they cannot "manipulate the facts to bob and weave around [the Court's] order," and the Court would not permit them to "amend to create new facts." (*See* Transcript of Hearing at 36:17-19.)  Plaintiffs' "Proffer" last week—belatedly submitted **months** after their original complaint, first amended complaint and Opposition to the Motion to Dismiss— attempts to do exactly what the Court prohibited.  The Court should sustain this Objection, decline to consider the Proffer, and strike it from the docket on this basis alone.

But even if the Proffer did not directly contravene the Court's warning to Plaintiffs' counsel during oral argument, it remains procedurally and legally improper and should be disregarded for several other reasons.

First, matters outside the pleadings are improper on a Rule 12(b)(6) motion.  *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Plaintiffs did not—and could not—ask the Court to take judicial notice of the contents of the Proffer because it is being offered for the truth of the matter asserted, long after Plaintiffs could properly have requested judicial notice of facts in support of their Opposition to the Motion.  *See Streets v. Space Sys./Loral, LLC*, No. 20-cv-07901-EJD, 2021 U.S. Dist. LEXIS 173535, at *8 (N.D. Cal. Sep. 13, 2021) (courts will not "credit the truth of any . . . matter asserted" in a request for judicial notice).

Second, the Proffer constitutes inadmissible hearsay.  Fed. R. Evid. 801(c), 802.  The Proffer purports to attach "a copy of Plaintiff Coffee's Google Play Store order history" but lays no supporting foundation as to the supposed evidence, merely asserting that "Plaintiffs' counsel confirmed" the contents of the Proffer when "[f]ollowing up on this factual issue after the hearing." (*See* ECF No. 77 at 1:4-8 & Ex. A.)  And as they attempted to do in support of Plaintiffs' Opposition, Plaintiffs' counsel again attempts to offer improper "expert" testimony—now in the form of this hearsay "Proffer" instead of a declaration—when they are not qualified to do so and the argument and purported supporting evidence lacks any foundation. (*See id.* at 1:22-2:4; *see also* ECF Nos. 71-1, 71-3.)

Third, the hearsay Proffer is legally irrelevant to the Section 230 immunity that supports dismissal in this case, with prejudice.  Even if Plaintiffs *could* amend the complaint again to

1   Case No. 5:20-cv-03901-BLF
DEFENDANT GOOGLE LLC'S OBJECTION AND MOTION TO STRIKE PLAINTIFFS' PROFFER RE: MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT [ECF NO. 77]

Baker & McKenzie LLP
10250 Constellation Blvd.,
Suite 1850
Los Angeles, CA  90067
Tel: 310.201.4728

incorporate the inadmissible contents of their Proffer, any such amendment would be futile as their claims would still fail as a matter of law because they are barred by Section 230 and further fail to allege a violation of the California Penal Code. (*See generally* ECF Nos. 66, 74.)

Fourth, the Proffer is factually irrelevant to the Court's determination of the Motion. As the Court previously found and again noted during last month's hearing, the only video games at issue in this action are Final Fantasy Brave Exvius and Dragon Ball Z Dokkan Battle. (Dismissal Order (ECF No. 56) at 2:12-16; Transcript at 36:2-8.) Plaintiffs' counsel suggested at last month's oral argument that they could amend the complaint to allege that Plaintiffs played different games than the two already at issue in the FAC, which led to the Court's admonishment that Plaintiffs cannot circumvent the Court's orders with new factual allegations. (*See* Transcript at 36:9-19.) Plaintiffs' Proffer predictably requests leave to amend to add the exact allegations that the Court already forbade Plaintiffs from adding, as their newly-submitted hearsay *relates to purchases made in two different games*: Puzzles and Dragons and Clash Royale. (ECF No. 77 at 1.)

Fifth and finally, Plaintiffs' Proffer concedes that the alleged purchases were made between January 2017 and March 2019, more than a year *before* the filing of both the original and the amended complaints, so even if this irrelevant hearsay lacking in all foundation were admissible, there is no basis for the Court to consider this evidence now. Simply put, Plaintiffs are too late.

For all of the reasons set forth in Google's Motion to Dismiss the First Amended Complaint and supporting Reply, the FAC should be dismissed with prejudice and Plaintiffs' proffer stricken from the record.

Dated:  November 1, 2021

Respectfully submitted,

**BAKER & McKENZIE LLP**

By: /s/ Teresa H. Michaud
Teresa H. Michaud
Attorneys for Defendant
GOOGLE LLC